UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARANDA OLIVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-01309 |
| | § | |
| JACK HENRY & ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion for Summary Judgment (Doc. #33), Plaintiff's Response (Doc. #45), and Defendant's Reply (Doc. #46).[1] Having considered the parties' arguments and the applicable legal authority, the Court grants the Motion for Summary Judgment.

### I.    Background

This is a disability discrimination case. Doc. #38. Defendant Jack Henry & Associates, Inc. (the "Defendant") is a financial technology company that provides services to banks and financial institutions. Doc. #33 at 3. Plaintiff began working for Defendant in November 2019 as a Technical Service Representative ("TSR"). Doc. #33, Ex. 14 at 5–6. As a TSR, Plaintiff provided troubleshooting assistance to a high volume of bank and credit union customers. Doc. #33, Ex.1 ¶ 15. TSR tasks included debit card transaction research, ATM troubleshooting, fee

---

[1] Also before the Court is Defendant's Motion to Strike Plaintiff's Summary Evidence. Doc. #41. Even considering Plaintiff's summary judgment evidence, the Court finds Plaintiff does not meet her burden on summary judgment. Therefore, the Court dismisses Defendant's Motion to Strike as moot.

1

research, and providing information regarding debit cards. *Id.* ¶ 5. Assignments were distributed through a "rolling queue". *Id.* ¶ 6.

Defendant testifies that Plaintiff exhibited work performance issues throughout her tenure. *Id.* ¶ 7. On September 1, 2020, Plaintiff received an Employee Counseling Report ("ECR") detailing five infractions, including an unprofessional attitude with a customer and providing inaccurate information to a client. Doc. #33, Ex. 4. Additionally, after incidents on March 29 and 30, 2021, in which Plaintiff yelled at her supervisors and behaved insubordinately, Plaintiff received a second ECR. Doc. #33, Ex. 6. Consequently, Defendant scheduled a termination meeting for March 31, 2021. Doc. #33, Ex.1 ¶ 12. However, during that meeting, Plaintiff disclosed a number of personal hardships that led Defendant to issue a "final warning" instead of terminating Plaintiff. *Id.* ¶ 14.

Plaintiff states that she informed her direct supervisor of her dyslexia on November 18, 2019, shortly after being hired. Doc. #45 at 43. Following the March 31 final warning meeting, Plaintiff formally sought a disability accommodation on April 8, 2021. *Id.* at 55. Plaintiff's doctor confirmed her dyslexia diagnosis and noted that Plaintiff needed "extra time for the completion of tasks." *Id.* The doctor recommended Plaintiff "not be given queries or tasks . . . more often than every 30 minutes." *Id.*

On April 19, 2021, Plaintiff incurred another infraction for sending a customer's personal identifiable information via email. Doc. #33, Ex. 18 ¶ 8. On April 23, 2021, Defendant denied Plaintiff's requested accommodation, determining it unreasonable given the demands of a TSR position. *Id.* ¶ 9. On April 29, 2021, Plaintiff was placed on paid leave to give her time to obtain a revised accommodation proposal from her doctor. *Id.* ¶ 10. At the same time, Plaintiff also inquired about a TSR position in a different division but was denied on April 30, 2021, as she did

2

not meet the tenure and performance requirements. *Id.* ¶ 11. On May 10 and June 1, 2022, Plaintiff submitted additional doctor's notes that reiterated her need for additional time to complete tasks or a reduced workload. Doc. #45 at 121–124. Defendant maintains that, due to continued infractions and infeasibility of Plaintiff's requested accommodation, Plaintiff was terminated on June 2, 2021. Doc. #33, Ex. 16 at 18.

In August 2021, Plaintiff filed a Charge of Discrimination with the EEOC. Doc. #1 at 2. The EEOC issued Plaintiff a Right-to-Sue letter on February 25, 2021. *Id.* On April 25, 2022, Plaintiff filed suit against Defendant in this Court, alleging disparate treatment and failure-to-accommodate under the Americans with Disabilities Act ("ADA"). *Id.* at 10–12. On March 15, 2024, Defendant moved for summary judgment on all of Plaintiff's claims. Doc. #33.

## II. Legal Standard

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial. All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (cleaned up).

## III. Analysis

Plaintiff asserts claims for disparate treatment and failure to accommodate under the ADA. Doc. #1. The Court addresses each claim in turn.

3

### a. Disparate Treatment

The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability" by, among other things, terminating the individual's employment. 42 U.S.C. § 12112(a). Because Plaintiff offers only circumstantial evidence to prove her claim, the Court will apply the *McDonnell Douglas* burden-shifting framework. *See EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Under this framework, Plaintiff must show: (1) she has a disability; (2) she was qualified for the job; and (3) she was subject to an adverse employment decision on account of her disability. *Id.* at 697. Once an employee has established her prima facie case, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for" the adverse employment action. *Id.* at 694. The employee must then present evidence that the articulated reason is pretextual. *Id.* Courts apply a "motivating factor" test, which provides that "discrimination need not be the sole reason for the adverse employment decision ... [so long as it] actually play[s] a role in the employer's decision making process and ha[s] a determinative influence on the outcome." *Id.* at 702 (alterations in original).

Here, Defendant argues without conceding, that even if Plaintiff is able to establish a prima facie case of disability discrimination, Defendant terminated her for legitimate, nondiscriminatory reasons. Doc. #33 at 13. Specifically, Defendant points to the fact that Plaintiff was on "final warning" as of March 31, 2021, and she continued to incur employment violations before her termination on June 2, 2021. *Id.*

Because the Court finds Defendant has offered a legitimate reason for Plaintiff's termination, the burden of production shifts to Plaintiff to show that Defendant's proffered reason was pretext for discrimination. "Pretext is established 'either through evidence of disparate

4

treatment or by showing that the employer's proffered explanation is false or unworthy of credence.'" *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). To show disparate treatment, Plaintiff must establish that Defendant treated her more harshly than "similarly situated" employees for nearly "identical actions." *Vincent v. Coll. of the Mainland*, 703 F. App'x 233, 238 (5th Cir. 2017). Here, Plaintiff has failed to identify a single employee who had the same insubordination and confidentiality infractions who was not terminated. *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) (plaintiff was not "nearly identical" to other employees who had never engaged in the conduct triggering termination).

Moreover, Plaintiff has not provided evidence to suggest that Defendant's explanation is false or unworthy of credence. The record amply supports that Defendant had many issues with Plaintiff's job performance prior to terminating her. *See* Doc. #33, Ex. 4, Ex. 6. Additionally, Plaintiff's work issues were reported by multiple complainants, documented, and even signed by Plaintiff herself. *Id.*; *See Head v. City of Columbus Light & Water Dep't*, 746 F. App'x 389, 392 (5th Cir. 2018) (finding record of employee's poor work performance weighed against pretext). The Court finds that Defendant has articulated a legitimate, nondiscriminatory reason for Plaintiff's termination, and Plaintiff has provided no evidence that those reasons were false or "unworthy of credence." *Head,* 746 F. App'x at 392. Accordingly, the Court grants summary judgment on Plaintiff's disparate treatment claim.

### b. Failure to Accommodate

The Court next turns to Plaintiff's failure-to-accommodate claim. The ADA requires an employer to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . ." 42 U.S.C. § 12112(b)(5)(A). "An employee

5

who needs an accommodation . . . has the responsibility of informing her employer." *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009). Once an accommodation is requested, an employer must engage in the "interactive process," or a flexible dialogue, with the employee with the goal of finding an appropriate accommodation for the limitation. *Id.* An employer that fails to engage in the interactive process in good faith violates the ADA. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). However, where the breakdown "is traceable to the employee," there is no violation. *Id.*

Under the ADA, "a plaintiff must prove the following statutory elements to prevail in a failure-to-accommodate claim: (1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v. La. Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (internal quotations and citations omitted). Defendant moves for summary judgment on Plaintiff's failure-to-accommodate claim, arguing that Plaintiff's request for a reduced workload was unreasonable due to the nature of a TSR position—which demanded a high volume of work and quick processing of customer issues. Doc. #33 at 15.

The Fifth Circuit has recognized that "even if a genuine issue of material fact exists as to whether [an employer] participated in the interactive process in good faith, its dereliction cannot be said to have led to a failure to reasonably accommodate [an employee]," when "there is no evidence that a reasonable accommodation was feasible." *Silva v. City of Hidalgo, Tex.*, 575 Fed. Appx. 419, 424 & n.3 (5th Cir. 2014) (per curiam). Here, Defendant argues that Plaintiff's request for a "reduction in workload" and "additional time to complete tasks" was not reasonable given the high volume of customers cases TSRs were responsible for troubleshooting. Doc. #33 at 15.

6

In response, Plaintiff argues that Defendant could have easily given her "time out of the queue" during complicated, novel cases. Doc. #45 at 27. However, Plaintiff herself concedes that when a TSR is "out of the queue, it mean[s] more work for her peers." *Id.* at 26.

The law is well-established that burdening other employees with covering Plaintiff's missed work is not considered a reasonable accommodation under federal disability discrimination law. *Hammond v. Jacobs Field Servs.*, 499 Fed.Appx. 377, 382–83 (5th Cir. 2012) (collecting cases). The Fifth Circuit has held that employers are not required in the name of providing reasonable accommodations to "adjust co-workers' duties to make them work longer or harder" or to "relieve [the plaintiff] of any essential functions of [her] job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so." *Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999) (citations omitted). Because the accommodation Plaintiff sought was not reasonable under the ADA, the Court grants summary judgment on Plaintiff's failure to accommodate claim.

## IV. Conclusion

In conclusion, the Court finds Plaintiff has failed to sufficiently allege her disparate treatment and failure-to-accommodate claims under the ADA. Accordingly, Defendant's Motion for Summary Judgment (Doc. #45) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

It is so ORDERED.

MAR 2 6 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

7